UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ANTHONY J. PALONI,

    Plaintiff,

v.                                                                                                        Civ. No. 19-226 GJF

ANDREW SAUL, *Commissioner of*
*Social Security*,

    Defendant.

## ORDER GRANTING § 406(b) ATTORNEY FEES

THIS MATTER is before the Court on Plaintiff's "Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum" [ECF 27] ("Motion"). The matter is fully briefed. *See* ECF 28 (Commissioner's Response). For the reasons stated below, the Court will **GRANT** Plaintiff's Motion.

## I.    BACKGROUND

In February 2019, Plaintiff entered into a "Fee Agreement" contract in which he formally hired counsel to "represent [him] in a federal court review of [his] social security disability case and/or supplemental security income case." ECF 27-1 at 22. In doing so, Plaintiff acknowledged that "there [would be] *no* attorney's fees unless [he] [received] some or all of the relief [he] [was] seeking." *Id.* (emphasis added). And if he was indeed "awarded benefits by the Social Security Administration following a remand order by federal court," then he explicitly "*agree[d]* to pay [his] attorney *twenty five percent (25%)* of [his] past-due benefits." *Id.* (emphasis added).

In October 2019, this Court granted Defendant's "Unopposed Motion for Remand," thereby reversing the Commissioner's decision and remanding the case "for further administrative proceedings." ECF 22 at 1. In June 2020, the Administrative Law Judge issued a final decision in favor of Plaintiff, awarding Plaintiff past-due benefits of approximately $74,500. Mot. 4-5;

ECF 27-1 at 14-17.  The Administration also informed Plaintiff that it had withheld twenty-five percent ($18,634.15) of these past-due benefits in order to pay the "approved representative's fees."  *Id.* at 17.  Pursuant to 42 U.S.C. § 406(a), the Administration authorized counsel to receive $6,000 from these past-due benefits for the legal services rendered before the Administration.  Mot. 5; ECF 27-1 at 17.  Shortly thereafter, Plaintiff's counsel filed the instant Motion pursuant to § 406(b), asking the Court to approve reasonable attorney's fees of $12,634.15 for legal services that were rendered before this Court, also payable from these past-due benefits.  Mot. 1, 7.[1]

In support of this Motion, Plaintiff's counsel has affirmed that Plaintiff was provided expert representation by an "an experienced Social Security attorney who prosecuted this case diligently and efficiently."  Mot. 6; ECF 27-1 at 20-25 (also noting that counsel's practice "consists primarily of social security [cases]" and that counsel has "been in private practice for approximately 33 years").  Furthermore, Plaintiff's counsel provided the Court with affidavits, certifying that 28.5 hours were spent providing legal services in representing Plaintiff before this Court.  Mot. 4; ECF 27-1 at 20-21.

## II. LEGAL STANDARD

"Federal law regulates the fees that attorneys may charge Social Security claimants for representation before [1] the Social Security Administration and [2] a reviewing court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 519 (2019) (citations omitted).  Specifically, "[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings [and] § 406(b) controls fees for representation in court."  *Id.* at 520 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002));

---

[1] Although the Court previously awarded Plaintiff a separate Equal Access to Justice Act ("EAJA") fee of $5,200, *see* ECF 25, the United States Treasury Department applied this entire amount towards a child support debt that Plaintiff owed to New Mexico's Child Support Enforcement Division.  ECF 27-1 at 27;  *see also* Mot. 2; Resp. 2 (parties agreeing that, because such fees were "diverted under the Treasury Offset Program [31 U.S.C. §3716]," there are no remaining EAJA fees to refund).

*see also McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (noting that "each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court").

Under § 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee" for the attorney who represented that claimant before the court, provided that the fee is "not in excess of 25 percent of the total of the past-due benefits" resulting from the judgment.  § 406(b)(1)(A); *see also Culbertson*, 139 S. Ct. at 523 (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)"); *Gisbrecht*, 535 U.S. at 807 (observing that "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered").

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements," noting that such agreements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht*, 535 U.S. at 807.  Instead, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id.*  And the reasonableness determination is "based on the character of the representation and the results the representative achieved."  *Id.* at 808 (citations omitted).  In making such a determination, a court may therefore consider factors such as (1) whether the "representation [was] substandard," (2) whether "the attorney [was] responsible for any delay," and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case," for example by amounting to a "windfall[] for lawyers" *Id.* (quotation marks and citations omitted).  Because "district courts are accustomed to making reasonableness

determinations in a wide variety of contexts, . . . their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.*

Finally, under a separate statute, the EAJA, 28 U.S.C. § 2412, "a successful Social Security benefits claimant[] may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).[2] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

In performing its "independent check" of the fee arrangement pursuant to 42 U.S.C. § 406(b), the Court finds that Plaintiff's counsel has "show[n] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. First, the proposed fee of $12,634.15 is less than 17 percent of the past-due benefits—an amount that is both well below "the 25 percent boundary," *id.*, and consistent with what Plaintiff explicitly agreed to, ECF 21-1 at 22.[3] Second, the Court is aware of no evidence indicating that counsel's representation was "substandard" or that counsel was responsible for any unwarranted delay. *Id.* at 808. Third, although this fee translates into an hourly rate of approximately $433.30, such an hourly fee rate is not the determining factor—as the Supreme Court explicitly rejected the "lodestar method" for calculating

---

[2] *See also McGraw*, 450 F.3d at 497 (noting that "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded" and that "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds" (quotation marks and citation omitted) (brackets in original)).

[3] *I.e.*, Plaintiff agreed to pay his attorney $18,634.15 (twenty-five percent of his past due benefits), a payment that is comprised of a $6,000 fee under § 406(a) (for services before the Administration) and a $12,634.15 fee under § 406(b) (for services before this Court). *See id.*; Mot. 5-6.

such fees, under which "the number of hours reasonably devoted to each case was multiplied by a reasonable hourly fee." *Id.* at 797-99. Instead, the question is whether the "fee sought is reasonable for the services rendered." *Id.* at 807. Consequently, this Court finds that a $12,634.15 fee for 28.5 hours of efficient and professional representation—which resulted in an overall award of approximately $74,500 in past-due benefits (and continued monthly benefits of over $1,100) and which is explicitly based on a contingent-fee agreement (and the significant risks it presented to counsel)—is reasonable and not so "large in comparison to the amount of time counsel spent on the case [such that] a downward adjustment is . . . in order." *Id.* at 808.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED**. Plaintiff's counsel is thus authorized attorney fees under 42 U.S.C. § 406(b) in the amount of $12,634.15, payable to Laura Joellen Johnson c/o Michael Armstrong Law Office, LLC.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*